JWB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Pablo Izaguirre, | ) | No. CV 06-612-PHX-DGC (VAM) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bruce Kanter, et al., | ) | |
| Defendants. | ) | |

Plaintiff Pablo Izaguirre, confined in the Arizona State Prison Complex in Buckeye, Arizona, has filed an amended *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff elected to file an Amended Complaint before service of the original Complaint was effected. The Court will therefore screen Plaintiff's Amended Complaint. The Court will order Defendants Kanter, Lockhart, and Valeros to answer Counts I and II of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250.00 for this action. Pursuant to 28 U.S.C.§ 1915 (b) (1) (A), the Court will assess an initial partial filing fee of $2.30. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The

**TERMPSREF**

Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## III. Complaint

Plaintiff's action concerns the ADOC's failure to provide medical treatment for his heart condition and denial of access to the courts. He names the following Defendants: (1) Doctor Bruce Kanter; (2) Doctor Lockhart; (3) Doctor Valeros; (4) Deputy Warden Ramos; (5) Captain Mummert; (6) SSV Lynch; and (7) Paralegal Sedillo.

The following facts are alleged in Plaintiff's Complaint:

In Count I, Plaintiff avers that he has suffered from severe chest pains, dizziness, and extreme shortness of breath for several years. Plaintiff further avers that he requested medical assistance, but was told by Defendant Valeros that there was nothing wrong with Plaintiff (Doc. # 3 at 4). As a result, Defendant Valeros did not order any medical tests to investigate any potential heart problems. Plaintiff avers that because of Defendants failure to provide medical treatment, he has suffered prolonged chest pains, insomnia, dizziness, and other physical and emotional harm.

In Count II, Plaintiff avers that he was taken in late 2004 to the Maricopa Medical Center in Phoenix due to his severe heart problems. Plaintiff claims that he was ordered to wear a heart moniter for 24 hours, after which time he was diagnosed with "severe heart problems including excessive irregular heartbeats" (Doc. # 3 at 5). The doctor at the Maricopa Medical Center provided detailed instructions as to how Plaintiff should be treated. Plaintiff specifically names Defendants Kanter and Lockhart, articulating that they told Plaintiff there was nothing abnormal about his heart and would not treat Plaintiff pursuant to the medical orders given at the hospital. Morevoer, despite attempts to request medical treatment or orders from Defendant Kanter, Plaintiff claims that Defendant Kanter became aggressive and told Plaintiff he would not provide him with anything. Plaintiff claims that he has suffered from prolonged chest pains, dizziness, insomnia, and other emotional and physical problems because of the lack of medical treatment.

In Count III, Plaintiff avers that he was denied access to the Courts because two civil rights complaints were confiscated by Defendant Sedillo, Defendant Mummert, and Defendant Ramos. Specifically, Plaintiff contends that the first complaint was inadvertently sent to the library for copying, at which time it was confiscated by Defendants. Plaintiff also avers that a second complaint was confiscated on February 6, 2006 when Defendant Lynch went through Plaintiff's legal documents and took the second complaint. As a result, Plaintiff claims he has been denied access to the courts and emotional distress.

For relief, Plaintiff requests monetary and declaratory relief.

**IV. Failure to State a Claim**

**A. Count III**

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil

1 rights complaint of a person in state custody will reach a court for consideration.") The right
2 "guarantees no particular methodology but rather, the conferral of a capability – the
3 capability of bringing contemplated challenges to sentences or conditions of confinement
4 before the courts." Lewis, 518 U.S. at 356.

5 As a matter of standing, for an access to courts claim, a plaintiff must show that he
6 suffered an "actual injury" with respect to contemplated litigation; the plaintiff must
7 demonstrate that the conduct of the defendants prevented him from bringing to court a
8 nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury"
9 is "actual prejudice with respect to contemplated or existing litigation, such as the inability
10 to meet a filing deadline or present a claim." Id. at 348.

11 Here, it is unclear whether the two complaints were prior versions of the instant
12 complaint, or other civil rights complaints alleging separate claims. If the confiscated civil
13 rights complaints were prior versions of the instant complaint, then Plaintiff's claim
14 necessarily fails because he was successful in filing a civil rights complaint to seek redress
15 for his claims of deliberate indifference. Further, if the two confiscated complaints presented
16 other claims not alleged in this Complaint, then Plaintiff's claim fails for lack of specificity.
17 To present an access to the courts claim, a Plaintiff must demonstrate that Defendants
18 prevented Plaintiff from bringing a nonfrivolous claim. Plaintiff has not articulated what
19 claims were presented in the two confiscated complaints.

20 The Court will dismiss Count III for failure to state a claim. Because Defendants
21 Sedillo, Mummert, Ramos, and Lynch were only named in Count III, they will be dismissed.

22 **V. Claims For Which An Answer Will be Required**

23 In Counts I and II, Plaintiff presents two claims for deliberate indifference to a serious
24 medical need. Those counts adequately state a claim and Defendants Kanter, Valeros, and
25 Lockhart will be required to answer.

26 **VI. Motion for Appointment of Counsel**

27 As a form of relief Plaintiff seeks the appointment of counsel. There is no
28 constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents

**TERMPSREF**

- 4 -

of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id. Plaintiff has not demonstrated the exceptional circumstances necessary for the appointment of counsel. As a result, Plaintiff's request will be denied without prejudice.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the original Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $2.30.

(3) Plaintiff's request for the appointment of counsel, found in the Amended Complaint, is **denied** without prejudice.

(4) Count III and Defendants Sedillo, Mummert, Ramos, and Lynch are **dismissed** without prejudice.

(5) Defendants Kanter, Lockhart, and Valeros must answer Counts I and II.

(6) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. # 3), this Order, and both summons and request for waiver forms for Defendants Kanter, Lockhart, and Valeros.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

(12) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other

motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) This matter is referred to Magistrate Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 25th day of July, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge