WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo Izaguirre,<br><br>              Plaintiff,<br><br>    v.<br><br>Bruce Kanter, et al.,<br><br>              Defendants. | CIV 06-612 PHX DGC (VAM)<br><br>O R D E R |

Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on February 24, 2006. (Doc. 1). In the Notice of Assignment entered and mailed to Plaintiff on February 24, 2006, Plaintiff was warned he must file a Notice of Change of Address if his address changes and that failure to comply would result in his case being dismissed. (Doc. 2). It is assumed this Notice was received by Plaintiff as it was not returned as undeliverable. However, the Court Orders filed July 25, 2006 (Docs. 4 and 5) were returned as undeliverable with the notation that Plaintiff was released from custody. (Doc. 6). Plaintiff has not filed a change of address.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the

1 Court apprised of his or her current address and to comply with
2 the Court's orders in a timely fashion.  This Court does not have
3 an affirmative obligation to locate Plaintiff.  "A party, not the
4 district court, bears the burden of keeping the court apprised of
5 any changes in his mailing address."  Carey v. King, 856 F.2d
6 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court
7 informed of his new address constitutes failure to prosecute.

8 Rule 41(b) of the Federal Rules of Civil Procedure provides
9 that "[f]or failure of the plaintiff to prosecute or to comply
10 with these rules or any order of court, a defendant may move for
11 dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S.
12 626, 629-31 (1962), the Supreme Court recognized that a federal
13 district court has the inherent power to dismiss a case sua sponte
14 for failure to prosecute, even though the language of Rule 41(b)
15 of the Federal Rules of Civil Procedure appears to require a
16 motion from a party.  Moreover, in appropriate circumstances, the
17 Court may dismiss a complaint for failure to prosecute even
18 without notice or hearing.  Id. at 633.

19 In determining whether Plaintiff's failure to prosecute
20 warrants dismissal of the case, the Court must weigh the following
21 five factors: "(1) the public's interest in expeditious resolution
22 of litigation; (2) the court's need to manage its docket; (3) the
23 risk of prejudice to the defendants; (4) the public policy
24 favoring disposition of cases on their merits; and (5) the
25 availability of less drastic sanctions."  Carey, 856 F.2d at 1440
26 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
27 1986)).  Here, the first, second, and third factors favor

28

dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."  856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 25th day of October, 2006.

David G. Campbell
United States District Judge

3